Ross C. Eberlein
Bar No. 55763750
ross@myvernacular.com
myVernacular
10 Red Ranch Road
Suite D
Stevensville, MT 59870
Telephone: 406.381.8928

*Attorney at Law, pro se plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| ROSS C. EBERLEIN, an individual, and My Vernacular Ltd. Co. d/b/d myVernacular, a Montana limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>Timothy Rybiski and Kristin McNally, individuals, and John Doe, an unknown party<br><br>Defendants. | CV<br><br>**COMPLAINT FOR:**<br>1. **Copyright Infringement**<br>2. **Breach of Contract**<br>3. **Unjust Enrichment** |

COMPLAINT

Plaintiffs Ross C. Eberlein and My Vernacular Ltd. Co. d/b/d myVernacular allege as follows

## JURISDICTION AND VENUE

1. This court has original jurisdiction of the action for copyright infringement under 17 U.S.C. § 501, et seq., and 28 U.S.C. §§ 1338(a); this court has supplemental jurisdiction of the associated actions for breach of contract and unjust enrichment under 28 U.S. Code § 1367(a).

2. This district is the proper venue for plaintiffs' claims pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because a substantial part of the events giving rise to the claims set forth herein occurred in this district and the defendants are domiciled therein.

## THE PARTIES

3. Plaintiff Ross C. Eberlein is a resident of, and business owner in, Stevensville, Montana.

4. Plaintiff My Vernacular Ltd. Co. d/b/a myVernacular ("myV") is a Montana-based and licensed business performing architectural services in Montana, owned and operated by Ross C. Eberlein.

5. Defendants Timothy Rybiski and Kristin McNally are residents of, and domiciled in, Hamilton, Montana and, upon information and belief, are married.

6. Upon information and belief, defendant Timothy Rybiski was formerly the president of Rocky Mountain Log Homes, a log construction company based in Hamilton, Montana, and therefore has substantial knowledge and understanding of the design and construction industry, including its processes, norms, standards and laws.

7. Upon information and belief, defendant Kristin McNally holds a Ph.D. and is a Scientific Review Officer for the National Institutes of Health's Center for Scientific Review, and therefore has a substantial knowledge and understanding of intellectual property and the laws that govern it.

8. Plaintiffs are informed and believe, and on that basis allege, that Mr. Rybiski and Ms. NcNally (the "Known Defendants") hired one or more third party construction contractors ("John Doe") to act on their behalf in execution of the copyrighted materials that are the subject of this action and that John Doe – unknown at this time – may also be proper parties to this complaint.

9. Plaintiffs are informed and believe, and on that basis allege, that each of the defendants designated herein (collectively, "All Defendants") participated in, and are responsible for, the acts described in this Complaint and any damages resulting therefrom.

## GENERAL ALLEGATIONS

10.     At all times relevant hereto, Plaintiff Ross C. Eberlein has been and continues to be, the holder of exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to his architectural works, including those that are the subject of this action.

11.     At all times relevant hereto, Plaintiffs Ross C. Eberlein and MyV possessed and continue to possess a common law copyright in the architectural works and drawings in issue.

12.     Plaintiff Ross C. Eberlein is a licensed attorney, a licensed architect, and a licensed construction contractor who owns and operates both myV and a construction contracting company – Montana Master Builders Ltd. Co. ("MMB") – which is also a Montana-based and licensed company.

13.     Plaintiff Ross C. Eberlein maintains several email addresses specific to each of his businesses to help organize correspondence among myV and MMB and their respective clients; however, clients frequently use those differing email addresses indiscriminately, as was the case in correspondence among the parties to this action.

14.     Plaintiff Ross C. Eberlein's companies are primarily engaged in design-build activities, wherein both of his companies' services are typically used on the same project; in other words, myV designs – and then MMB constructs that design – for clients across western Montana.

15. Due to the nature of these dual businesses and their related activities, Plaintiff myV's design service fees for residential projects are frequently discounted because those clients are often surprised and put-off by the real cost of architectural work; therefore, MMB's construction contract fees frequently include (in the overall price to build) some of the costs of relevant design services.

16. Much of Plaintiff Ross C. Eberlein's companies' work is due to word-of-mouth referrals from previous clients.

17. At some point in 2020, Plaintiffs were introduced to the Known Defendants by a mutual acquaintance who was a previous MMB client.

18. On December 10, 2020, the Known Defendants contacted Plaintiffs seeking design and construction contracting services for a new construction project involving a garage with storage space and a workshop.

19. On or about December 24, 2020, Plaintiffs met with the Known Defendants to discuss services for their garage/apartment project (the "Project") adjacent to their existing house in Hamilton, Montana.

20. On January 4, 2021 Plaintiffs sent to the Known Defendants, via Mr. Rybiski's email address, a design services proposal (the "Design Proposal") offering to perform architectural services in furtherance of the Project. The fee set forth in the Design Proposal was significantly discounted – in typical fashion and

as explained above – because the Known Defendants wanted MMB to also provide construction services for the Project.

21.     On January 11, 2021, the Known Defendants, via email, claimed to have not received the Design Proposal, so Plaintiffs resent the Design Proposal – two additional times.

22.     Thereafter, the Known Defendants did not respond with any questions or concerns vis a vis the Design Proposal and instead proceeded to work through the design process with ideas, requests and construction cost planning.

23.     During the course of the design process, beginning in January of 2021 and ending in May of 2021, Plaintiffs shared draft architectural documents with the Known Defendants via email for review, critique and feedback, in the customary practice of developing a design that meets the needs and wishes of the client.

24.     Although the Known Defendants, as early as January 2021, informed Plaintiffs that the Project needed to be driven by a firm budget, they ignored Plaintiffs' repeated warnings that their preferred design for the Project would exceed their purported budget.

25.     Due to pressure from the Known Defendants to enter into a construction contract to build the Project but their refusal to either (a) increase the budget to match the Project's design or (b) revise the Project's design to match their purported budget, Plaintiffs informed the Known Defendants, via email to Mr.

Rybiski on May 7, 2021, that they could not construct the Project without a change to budget or scope.

26. Plaintiffs did not invoice the Known Defendants for myV's services due to the apparent suspension of the Project; however, in that same May 7, 2021 email described above, Plaintiffs clearly informed the Known Defendants that if they wished to use the Plaintiffs' work product (the "Instruments of Service"), they may be permitted to do so, by first paying a fee for those services.

27. On May 13, 2021, in an email to Plaintiffs, the Known Defendants formally and indefinitely put on hold the Project.

28. Four years later, in early November of 2025, Plaintiffs observed that the Project was recently completed but had received neither notice nor correspondence from any defendant, including about a fee for the use of the Instruments of Service.

29. On November 5, 2025, Plaintiffs sent to Defendants by certified mail a demand letter explaining that the Known Defendants had unlawfully used Plaintiffs' work product and must pay, within 15 days of the date of the letter, a heavily-discounted fee for such use or face suit for copyright infringement, among other potential claims.

30. The Known Defendants were in receipt of the letter as of November 19, 2025, as evidenced by a U.S.P.S. return receipt.

31. Neither the Known Defendants, nor their counsel, have contacted Plaintiffs to resolve this matter.

32. On November 22, 2025, Plaintiff Ross C. Eberlein registered with the U.S. Copyright Office a copyright for the architectural works pertaining to the Project.

33. Plaintiff Ross C. Eberlein has not published, as that term is defined under 17 U.S. Code § 101, the architectural works that are the subject of this complaint.

34. As a direct result of All Defendants' conduct, Plaintiffs has suffered damages in an amount to be determined at trial.

## COUNT I

### Copyright Infringement Against All Defendants

35. Plaintiff Ross C. Eberlein repeats, reallege and incorporates by reference each paragraph of this Complaint as if fully set forth herein.

36. The above-described conduct by All Defendants constitutes willful copyright infringement under the Copyright Act.

37. The above-described conduct by All Defendants also constitutes copyright infringement under Plaintiff's common law rights to, and ownership of, his architectural works.

38.     As a result of the above-described conduct by All Defendants, Plaintiff Ross C. Eberlein was damaged in an amount to be proven at trial.

39.     In the alternative, at his election, Plaintiff Ross C. Eberlein is entitled to recover from All Defendants statutory damages up to $150,000.00 per copyright for willful copyright infringement, plus attorney fees.

## COUNT II

### Breach of Contract Against the Known Defendants

40.     Plaintiffs repeat, reallege and incorporate by reference each paragraph of this Complaint as if fully set forth herein.

41.     The Known Defendant's contracted with Plaintiffs for design services in exchange for payment of a fee for those services.

42.     The Known Defendants used and benefited from Plaintiffs' services but did not compensate them and, in so-doing, damaged Plaintiffs in an amount to be proven at trial.

## COUNT III

### Unjust Enrichment Against All Defendants

43.     Plaintiffs repeat, reallege and incorporate by reference each paragraph of this Complaint as if fully set forth herein.

44.     All Defendants directly benefited from Plaintiffs' work, including the Instruments of Service.

45. All Defendants knew of and appreciated such benefits by using Plaintiffs' work, including the Instruments of Service, to construct the Project.

46. Plaintiffs were not compensated for All Defendants' use of Plaintiffs' work, including the Instruments of Service.

47. All Defendants used and benefited from Plaintiffs' services but did not compensate them and, in so-doing, damaged Plaintiffs in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For this Court to require All Defendants to compensate Plaintiff Ross C. Eberlein for his damages as a result of the infringement of his copyright and to pay such damages to Plaintiff Ross C. Eberlein as this Court finds just and proper within the provisions of the Copyright Act, or, in the alternative and at Plaintiff Ross C. Eberlein's election, statutory damages for infringement of his copyright as set forth in 17 U.S.C. § 504;

2. For this Court to require the Known Defendants to compensate Plaintiffs for damages as a result of their breach of contract and to pay such damages to Plaintiffs as this Court finds just and proper;

3.  For this Court to require All Defendants to compensate Plaintiffs for damages as a result of their unjust enrichment and to pay such damages to Plaintiffs as this Court finds just and proper;

4.  For an award of costs and attorney fees under 17 U.S.C. § 505 or as otherwise provided by law;

5.  For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law; and

6.  For such other and further relief as the Court deems just and proper.

Dated: January 9, 2026

Respectfully submitted,

Ross C. Eberlein

By: _____/s/_____
Ross C. Eberlein
*pro se Attorney*